IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CMS WIRELESS, LLC**                                                                                            **PLAINTIFF**

vs.                                                        **4:11CV00755-BRW**

**FIDELITY & DEPOSIT COMPANY**
**OF MARYLAND,** *et al***.**                                                                             **DEFENDANTS**

## ORDER

Pending is Clovis Prince's *pro se* Motion for Reconsideration and to Set Aside Order (Doc. No. 35).  Mr. Prince is not a party to this case, but the following Defendant corporations owned by him are: Crown Project Management, Inc.; C. Prince & Associates Consulting, Inc.; and Crown Management, Inc.  Defendant Crown Project Management, Inc. appears to be doing business as Prince & Associates,[1] another Defendant in this case.  Mr. Prince attempted to represent his corporations in this case.[2]  However, only a licensed attorney may represent a corporation, and Mr. Prince is aware of that fact.[3]  Mr. Prince again seeks to represent his companies in the case.  His Motion (Doc. No. 35) is DENIED.

Also pending is Plaintiff's Motion for Leave to Amend Second Amended Complaint (Doc. No. 29).  Defendant AT&T Mobility LLC has responded,[4] and Plaintiff has replied.[5] Defendants Crown Project Management, Inc. and C. Prince & Associates Consulting, Inc. are in

---

[1] The Chapter 7 bankruptcy petition for Crown Project Management shows that the company is d/b/a Prince & Associates.  No. 09-43628 (Banrupt. E.D. Tex.)

[2] See, for example, Doc. No. 8.

[3] Doc. Nos. 16, 31.

[4] Doc. No. 30.

[5] Doc. No. 33.

bankruptcy. Plaintiff asks to amend its second amended complaint to add Michelle Chow, the bankruptcy trustee for Defendants Crown Project Management, Inc. and C. Prince & Associates Consulting, Inc., as Defendant. It appears that if Plaintiff had not added the bankruptcy trustee as Defendant, any default judgment against the debtors or their d/b/a could be unenforceable against the bankruptcy estate.[6] Plaintiff's motion to amend is GRANTED. Plaintiff is directed to file the Third Amended Complaint attached to its Motion by 5:00 p.m., Friday, December 16, 2011.

On October 27, 2011, Plaintiff filed a motion for default judgment against Defendants Crown Management, Inc., Crown Project Management, Inc., and C. Prince and Associates, Inc. because these Defendants had not answered Plaintiff's Second Amended Complaint.[7] The clerk's default was entered on November 3, 2011.[8] The entry of default does not determine any rights, but is a procedural step in obtaining default judgment.

After the clerk's default was entered, but before Plaintiff's request for default judgment had been resolved, Plaintiff filed its motion to amend. Defendant AT&T Mobility LLC suggested that Plaintiff's request for default judgment be denied as moot as a result of Plaintiff's Third Amended Complaint.[9] I agree.

---

[6]See *Bellini Imports, Ltd. v. Mason & Dixon Lines, Inc.*, 944 F.2d 199, 202 (4th Cir. 1991).

[7]Doc. No. 18.

[8]Doc. No. 25. A "default" is when a defendant failed to answer or otherwise respond to a complaint, and an "entry of default" is what the clerk of the court enters when it is established that a defendant is in default. See *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

[9]Doc. No. 30.

A pleading that has been amended under Federal Rule of Civil Procedure 15(a) supersedes the earlier pleading and renders it of no legal effect. In light of Plaintiff's Third Amended Complaint, Plaintiff's Second Amended Complaint has no legal effect. Defendants have the opportunity, once served, to answer Plaintiff's Third Amended Complaint.

Because Defendants may answer Plaintiff's Third Amended Complaint, the entry of clerk's default is premature and good cause exists for setting it aside. The entry of clerk's default is set aside for good cause under Federal Rule of Civil Procedure 55(c).[10] Plaintiff's motion for default judgment (Doc. No. 18) is DENIED as MOOT.[11]

IT IS SO ORDERED this 9th day of December, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[10] A court may set aside an entry of default for good cause without motion. *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 385 (7th Cir. 2008); *Feliz v. Kintock Group*, 297 Fed. Appx. 131, 137 (3d Cir. 2008); and *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1267 (11th Cir. 2003).

[11] See *Nelson v. Nationwide Mortg. Corp.*, 659 F. Supp. 611, 615-616 (D.D.C. 1987); *Vanguard Financial Service Crop. v. Johnson*, 736 F. Supp. 832, 835 (N.D. Ill. 1990)*; Mercer v. Csiky*, No. 08-11443-BC, 2010 U.S. Dist. Lexis 64777, at *6 (E.D. Mich. Sept. 13, 2010) (and cases cited therein).